**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4552**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MARCUS DEPREE SMITH,

            Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:18-cr-00097-1)

Submitted:  February 27, 2020                                Decided:  April 6, 2020

Before KEENAN and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Rhett H. Johnson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Charleston, West Virginia, Stephanie S. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Depree Smith entered a conditional guilty plea to possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018), reserving the right to appeal the denial of his motion to suppress evidence seized from the vehicle in which he was a passenger. On appeal, Smith argues that the otherwise lawful traffic stop was unreasonably extended in violation of his rights under the Fourth Amendment.

When reviewing a district court's ruling on a motion to suppress, we review the district court's "legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Kolsuz*, 890 F.3d 133, 141-42 (4th Cir. 2018).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop constitutes a seizure under the Fourth Amendment and is thus subject to a reasonableness requirement." *United States v. Williams*, 808 F.3d 238, 245 (4th Cir. 2015) (internal quotation marks omitted). Because a traffic stop bears closer resemblance to an investigative detention than a custodial arrest, this court evaluates the legality of a traffic stop under the two-pronged inquiry announced in *Terry v. Ohio*, 392 U.S. 1 (1968). Under this standard, we ask (1) whether the traffic stop was justified at its inception, and (2) "whether the officer's actions during the seizure were reasonably related in scope to the basis for the traffic stop." *Id.* (internal quotation marks omitted). Smith concedes that the first prong is satisfied in that the initial traffic stop was justified. He

argues that the stop was unreasonably extended in order to investigate Smith's criminal background.

It is well settled that "[i]f a traffic stop is extended in time beyond the period that the officers are completing tasks related to the traffic infractions, the officers must either obtain consent from the individuals detained or identify reasonable suspicion of criminal activity to support the extension of the stop." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017). Thus, when an officer has such reasonable suspicion—something less than probable cause but "'more than an inchoate and unparticularized suspicion or hunch'"—of criminal activity, the officer may briefly detain an individual beyond the initial vehicle stop for further investigative purposes. *United States v. Brugal*, 209 F.3d 353, 359 (4th Cir. 2000) (quoting *Terry*, 392 U.S. at 27).

We have reviewed the record included on appeal, as well as the transcript of the hearing on Smith's suppression motion, and find that the district court properly found that the duration of the investigative stop was not unduly extended for any improper purpose or in any improper way. *See Rodriguez v. United States*, 575 U.S. 348 (2015) (holding that police may not extend an otherwise-completed traffic stop absent reasonable suspicion of criminal activity). We therefore conclude that the district court properly denied Smith's suppression motion.

Accordingly, we affirm Smith's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*